IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN LLOYD,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 5:22-cv-05148-JLS |

### MEMORANDUM OPINION

**SCHMEHL, J.** */s/ JLS*                                                                                       **AUGUST 25, 2025**

Now pending before the Court are cross-motions for summary judgment filed by Plaintiff Susan Lloyd and by Defendants Uwchlan Township Police Department, Maureen Evans, and Nicole Navarra, as well as Lloyd's motion for reconsideration of the Court's prior order denying her leave to file a fifth amended complaint. The cross-motions concern Lloyd's only remaining claim, which is raised under 42 U.S.C. § 1983 and alleges that Officers Evans and Navarra deleted Lloyd's posts from the Department's Facebook page and blocked Lloyd's Facebook account. For the reasons that follow, the Court grants Defendants' motion for summary judgment, denies Lloyd's cross-motion for summary judgment, and denies Lloyd's motion for reconsideration.

I

Proceeding *pro se*, Lloyd alleges that on December 2, 2021, staff at Exton Vet Clinic euthanized her dog, Domino, without her consent and purportedly by administering pentobarbital. Lloyd first sought relief in the Chester County Court of Common Pleas, suing the veterinary clinic and its personnel. But litigation does not always go as one hopes, and Lloyd's state suit soon hit a procedural snag. Pennsylvania Rule of Civil Procedure 1042.3 requires that when *pro se*

plaintiffs assert professional-malpractice claims, they must file a certificate of merit, which includes a written statement from a qualified licensed professional opining that the care or skill at issue probably fell below accepted professional standards. Evidently, Lloyd did not attach such a written statement within the time required. The clinic's defense team—Sara Gray and her firm, Bennett, Bricklin & Saltzburg LLC—spotted the Rule 1042.3 deficiency. So, in September 2022, defense counsel filed a notice of intent to enter judgment of non pros for Lloyd's failure to comply with the written-statement requirement. A month later, upon praecipe, the prothonotary entered judgment of non pros against Lloyd on all claims.

Two days later, Lloyd petitioned the Court of Common Pleas to open or strike the judgment. And while that petition was pending, Lloyd initiated this collateral federal action in December of 2022 against the Commonwealth of Pennsylvania, Bennett, Bricklin & Saltzburg LLC, and Attorney Gray. Put simply, Lloyd contended that Gray and her firm violated Lloyd's constitutional rights by filing the praecipe for judgment of non pros, and that defense counsel's conduct also amounted to both the negligent and intentional infliction of emotional distress and an abuse of process. As to the Commonwealth, Lloyd's § 1983 claim challenged the constitutionality of Rule 1042.3 itself, asserting that the certificate-of-merit requirement violated her First and Fourteenth Amendment rights.

In response to the federal complaint, the law firm and Gray moved to dismiss. Five days later, Lloyd exercised her right under Federal Rule of Civil Procedure 15(a)(1)(B) to amend the complaint, rendering the initial motion to dismiss moot. Thereafter, Lloyd filed an amended complaint that substantially ballooned the case. Whereas the original complaint named only three defendants, the new one named nineteen. In addition to those defendants previously identified, Lloyd joined: the Pennsylvania State Board of Veterinary Medicine; the Exton Vet Clinic and its

2

personnel; the Chester County Clerk's Office; the Uwchlan Township Police Department and its Officers Maureen Evans and Nicole Navarra; the Brandywine Valley SPCA and its Officers Bryan Jackson and Daniel Achuff; and several private individuals who allegedly defamed or threatened Lloyd after the dog's death. *See generally* First Am. Compl. ¶¶ 1-19, ECF No. 13.

Between March and May 2023, many of the newly named defendants appeared and filed motions to dismiss or joined in motions previously filed. Lloyd responded to these motions with a series of oppositions to the motions to dismiss, motions to compel discovery, and numerous overlapping motions to amend the complaint. *See*, *e.g.*, Mot. to File Second Am. Compl., ECF No. 63; Mot. to Substitute Third Am. Compl., ECF No. 74; Mot. to File Fourth Am. Compl., ECF No. 110; Mot. to File Fifth Am. Compl., ECF No. 120. On March 28, 2024, the Court entered an omnibus order granting several motions to stay discovery, denying Lloyd's various motions to amend or extend deadlines, and deeming multiple motions moot. *See* Order, ECF No. 119. Thereafter, the Court resolved a number of motions to dismiss, leaving only the Uwchlan Township Police Department, Maureen Evans, and Nicole Navarra as active defendants.

The only claim that went forward was Lloyd's § 1983 First Amendment claim alleging that Officers Evans and Navarra deleted Lloyd's posts on the Uwchlan Township Police Department's Facebook page and blocked Lloyd's account. Presently, the parties have stipulated that, on February 5, 2023, Lloyd posted the following remarks on the Department's Facebook page, which are indeed no longer visible:

- Officer Navarra committed perjury during a criminal investigation into Shannon Stanek from Exton Vet Clinic killing my service dog with pentobarbital. Now Shannon Stanek has begun to incite violence towards me and has many of her friends threatening my life. This department decides to sit on their asses and do nothing and allows a disabled person to be threatened. Shannon Stanek was in a mental hospital and placed on psych meds and this department allows her to own a gun anyways even though under federal law, any individual with a mental illness is not allowed to own a gun. Uwchlan Township doesn't care. They allow Shannon

    Stanek to kill a service dog and then to get her friends to threaten me while these officers sit on their asses and literally do nothing. I am filing a federal lawsuit against them for equal protection class of one violations. Its obvious that anybody else would have been arrested when I showed them proof of what I say. The reason why they do nothing is get this. They are buddy buddies with Shannon Stanek. Shannon Stanek has a big mouth and likes to run it all over social media. So that's why she can get away with murder. This department knows we are involved in litigation and I am entitled to discovery. Guess what they do. They conceal all videos and records. No surprise there. These bad cops need more people to challenge them in federal court and maybe things will begin to change. That's why im a big supporter of defunding the police. What good are they if they allow Shannon Stanek and others to get away with murder.

- You do not want to work there. They lie during criminal investigations and then conceal records and body cameras even when involved in litigation. Says all you need to know about this place. You can literally get away with murder in Uwchlan Township and then get your buddies to threaten someone elses life.

- Are they going to lie during criminal investigations like Officer Navarra and let Shannon Stanek from Exton Vet Clinic get away with murder or are you actually going to hire an officer who tells the truth. Guess only time will tell.

The period for discovery has now closed. And both sides have moved for summary judgment. Lloyd has also moved for reconsideration of the Court's prior order denying her leave to file a fifth amended complaint. In what follows, the Court considers each of these pending motions in turn.

## II

Federal Rule of Civil Procedure 56(a) permits summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Initially, the moving party bears the burden of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once satisfied, the burden shifts to the non-moving party to go beyond the pleadings and come forward with specific, material facts that present "a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations omitted). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for

4

the non-moving party, and it is "material" only if it might affect the outcome under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In conducting this analysis, the Court reviews the record as a whole and draws all reasonable inferences in favor of the non-movant. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (internal citations omitted).

Here, Officers Evans and Navarra first contend that summary judgment is appropriate because the record contains no evidence from which a reasonable jury could infer that either Officer Evans or Navarra personally deleted Lloyd's Facebook posts or blocked her account. They add that Lloyd named them as defendants only because they were the two officers who communicated with her about her underlying allegations of criminal misconduct against the veterinarian, Shannon Stanek. And they also point out that Lloyd elected to not depose either officer. Finally, they cite Lloyd's deposition testimony where Lloyd admitted that Facebook posts may be removed in several ways—including by the user, by the platform, or by an unrelated third party upon complaint.

In response, Lloyd does not identify any evidence linking either officer to the removal of her posts or the blocking of her account. Instead, as was argued by Lloyd in her deposition, Lloyd asserts that she has no reason to believe the officers did not take those actions, so they must have done it. *See* Dep. of Susan Lloyd at 85, ECF No. 167-4. But this argument clearly lacks merit— it is burden-shifting speculation, not actionable evidence. And mere speculation cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 252 (1986).

Furthermore, the Third Circuit Court of Appeals requires that, in § 1983 claims such as these, a plaintiff must present evidence establishing each defendant's "direct responsibility" for the asserted constitutional violation. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289-93 (3d

5

Cir. 2018) (citing *Rizzo v. Goode*, 423 U.S. 362, 376-77 (1976)).  Purely collective or vicarious theories simply will not do.  The Supreme Court says the same: "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). Simply put, Defendants cannot be held liable "merely because they were members of a group of which some other members were guilty of abuses." *Anela v. City of Wildwood*, 790 F.2d 1063, 1067-68 (3d Cir. 1986) (citing *Rizzo*, 423 U.S. at 370-71).

  Against that evidentiary and legal backdrop, Lloyd's claim against Officers Evans and Navarra suffers from a fundamental failure of proof.  Discovery has yielded no evidence that either Evans or Navarra removed Lloyd's posts or blocked her account.  The importance of offering some evidence of such conduct is essential because, as Lloyd concedes, Facebook content may disappear for many reasons independent of any Uwchlan Township Police Department action: the original poster can delete it; Facebook can remove it under its rules; or another user can report it.  Without evidence tying the disappearance of Lloyd's posts or the blocking of her account to these specific defendants, a jury would have to guess who, if anyone, acted.  And so, because the summary-judgment record contains no evidence from which a reasonable jury could find that Officers Evans or Navarra themselves deleted Lloyd's posts or blocked her account, the Court will enter judgment for Officers Evans and Navarra on the § 1983 claim.

  What remains, then, is Lloyd's § 1983 claim against the Uwchlan Township Police Department.  The Department contends that Lloyd has offered no evidence establishing municipal liability and that the Department cannot be held liable merely on a theory of *respondeat superior*.  To this, Lloyd does not directly respond.  And she identifies no policy or custom, no failure to

train, and no other basis on which municipal liability might rest. The Court therefore construes her claim as one sounding in *respondeat superior*. But as the Supreme Court has made clear, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). So, because Lloyd advances no other theory of municipal liability, her claim against the Department fails. The Court will enter judgment in favor of the Uwchlan Township Police Department on the § 1983 claim and, consequently, deny Lloyd's cross-motion for summary judgment.

## III

The Court next takes up Lloyd's motion to reconsider the Court's previous order denying her leave to file a fifth amended complaint. At the outset, the Court notes that reconsideration is extraordinary, appropriate only upon an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, Lloyd shows none of those circumstances. So, reconsideration is inappropriate.

But even if the Court were to reconsider, the earlier denial resting on futility remains the appropriate disposition. For although Rule 15 instructs that courts "should freely give leave [to amend] when justice so requires," it does not require leave when amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). And an amendment is futile if it could not survive a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115-17 (3d Cir. 2000). Here, Lloyd's fifth proposed amended complaint remains futile.

For example, Lloyd's proposed § 1983 claims against the Commonwealth of Pennsylvania and the State Board of Veterinary Medicine fail as a matter of law because a state and its arms are

7

not "persons" under § 1983 and, in any event, enjoy Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). The § 1983 claims against the private defendants—Shannon Stanek, Exton Vet Clinic, Sara Gray, and Bennett, Bricklin & Saltzburg LLC—also fail because the proposed pleading alleges no facts plausibly showing state action. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

As to the claim against the Chester County Prothonotary, court clerks performing tasks integral to the judicial process are absolutely immune from suit. *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000). And Lloyd's § 1985(2) conspiracy claim fails because Lloyd's proposed amended complaint continues to lack well-pleaded facts showing a conspiracy motivated by some "'class-based, invidiously discriminatory animus.'" *See Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). So, because the proposed amendment would not cure the defects identified in the Court's prior rulings, and as the Court declines to exercise supplemental jurisdiction over any remaining state-law claims, reconsideration is unwarranted and leave to amend remains futile. The motion is denied.

## IV

For the foregoing reasons, Defendants' motion for summary judgment is granted, Plaintiff's cross-motion for summary judgment is denied, and Plaintiff's motion for reconsideration of the denial of leave to file a fifth amended complaint is denied. Judgment will be entered in favor of the Uwchlan Township Police Department, Maureen Evans, and Nicole

Navarra and against Plaintiff Susan Lloyd.  Any remaining requests for relief are denied as moot.

The Clerk of Court shall mark this case closed.  An appropriate Order follows.